1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARLO K. BROWN,                         CASE NO.    1:11-cv-991-MJS (PC)

                   Plaintiff,           ORDER  DISMISSING  PLAINTIFF'S
                                        COMPLAINT WITH LEAVE TO AMEND
          v.
                                        (ECF No. 1)
SWARTS, et al.
                                        THIRTY-DAY DEADLINE
                   Defendants.

_____/

          Plaintiff Marlo K. Brown ("Plaintiff") is a prisoner proceeding pro se in a civil rights

action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>,

403 U.S. 388 (1971).  Plaintiff has consented to the Magistrate Judge handling all matters

in this action.  (ECF No. 3.)

          Plaintiff initiated this action on June 15, 2011.  Plaintiff's original Complaint is now

before the Court for screening.  (ECF No. 1.)

## I.     SCREENING REQUIREMENTS

          The Court is required to screen complaints brought by prisoners seeking relief

1

1   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

3   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

4   relief may be granted, or that seek monetary relief from a defendant who is immune from

5   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

6   thereof, that may have been paid, the court shall dismiss the case at any time if the court

7   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

8   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

9       A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

11  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

12  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.

13  Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

14  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

15  plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

16  Facial plausibility demands more than the mere possibility that a defendant committed

17  misconduct and, while factual allegations are accepted as true, legal conclusions are not.

18  Id. at 1949-50.

19  **II.    SUMMARY OF COMPLAINT**

20      It appears Plaintiff currently is housed at a prison facility in Baltimore, Maryland.

21  (ECF No. 7.)  He previously was housed at the United States Penitentiary in Atwater,

22  California ("USP Atwater"), where all of the incidents alleged in his Complaint occurred.

23      Plaintiff brings this action for violations of his rights under the First Amendment,

2

Fourth Amendment, the Eighth Amendment, and the Due Process Clauses of the Fifth and Fourteenth Amendments.  He names the following individuals as Defendants: 1) Assistant Warden Swarts, Assistant Warden of Operations at USP Atwater, 2) Captain Keilman, 3) J. Devore, DHO, 4) SMU Hearing Case Manager Scott, 5) Lieutenant Gonzales, DHO for Incident Report, and 6) Mrs. Lorants, DHO of USP Atwater.

Plaintiff asks that the Court to cancel his referral to the Special Management Unit ("SMU "), order his transfer him to another institution, order that he be released to the general prison population,[1] and order that all incident reports be dismissed due to a violation of his right to the due process of the law and his right to a fair and impartial hearing.

Plaintiff alleges as follows:

Plaintiff alleges that the Bureau of Prison's Discipline Hearing Officer ("DHO") violated his rights under the First Amendment by failing to let Plaintiff "redress and grievance" at his June 2, 2011, SMU hearing.[2]  Plaintiff's Fourth Amendment right to be secure in his person was violated when he was sent to SMU.  Plaintiff's Due Process rights under the Fifth and Fourteenth Amendments were violated because his background history was falsified for the SMU referral.  Plaintiff fears he will suffer additional harm if he is placed in the SMU thus depriving him of his right to be free from cruel and unusual

---

[1] Plaintiff has since been transferred to another correctional institution.  It is unclear if he is in the SMU at the new institution.  Regardless, the Court does not have jurisdiction over parties not before it and so cannot order the new facility to provide this requested equitable relief.

[2] Plaintiff refers to various "Articles" in the Bill of Rights.  (Compl. at 3.)  It appears he means numbered  Amendments to the Constitution.  Thus the Court will assume Plaintiff's "Article 1 of the Bill of Rights" refers to the First Amendment, Article 4 refers to the Fourth Amendment, and so on.  If Plaintiff intended otherwise, he should make this clear in his amended complaint, if he chooses to file one.

1  punishment under the Eighth Amendment.

2  **III.   ANALYSIS**

3        A.   *Bivens* **Linkage Requirement**

4

5        Under Bivens a "compensable injury to a constitutionally protected interest [by

6  federal officials alleged to have acted under color of federal law] could be vindicated by a

7  suit for damages invoking the general federal question jurisdiction of the federal courts

8  [pursuant to 28 U.S.C. § 1331]."  Butz v. Economou, 438 U.S. 478, 486 (1978).  As noted

9  above, to state a claim, Plaintiff must demonstrate that each Defendant personally

10  participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; see Ewing v. City of

11  Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  A defendant cannot be held liable solely

12  on the basis of supervisory responsibility or position.  See Terrell v. Brewer, 935 F.2d 1015,

13

14  1018 (9th Cir. 1990) (respondeat superior theory of liability inapplicable to Bivens actions).

15        Plaintiff fails to identify any specific act or omission on the part of any of the named

16  Defendants connecting them to any of the alleged violations.  It appears he named several

17  Defendants solely because of their supervisory roles as warden or captain.  As noted,

18  supervisorial responsibility over a wrongdoer is not sufficient to allege a constitutional

19  violation by the supervisor.  If Plaintiff intends to pursue any action, he must identify which

20  Defendant(s) are responsible for any given violation of his constitutional rights and describe

21

22  the factual basis for his claim against each Defendant.

23        Because Plaintiff has not linked any Defendants to any of alleged violations, the

24  Court cannot determine whether Plaintiff has stated a cognizable claim.  Should Plaintiff

25  chose to amend his claims, the Court will outline below the legal criteria for the claims

26

27

                                                   4

Plaintiff indicates he wants to bring.  Plaintiff shall comply with the following guidelines if he chooses to amend.

## B.   First Amendment Claim

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST. amend. I.   The First Amendment protects the freedom of religion, free speech, the press, the right to assemble, and to petition the Government for redress of grievances.  Id.  Plaintiff has not alleged he was denied any such right or freedoms.  The alleged deprivation of his right to redress his grievances may call into play due process rights, discussed below, but Plaintiff has no First Amendment right to proceed in a certain way at an SMU hearing.  Plaintiff cannot maintain a First Amendment claim based on such facts.  No useful purpose would be served by granting him leave to try to assert such a claim.  He will not be given such leave.

## C.   Eighth Amendment Claim

Plaintiff alleges that he will be subject to cruel and unusual punishment in violation of the Eighth Amendment as a result of the DHO placing him in SMU.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on

5

prison officials, who may not, for example, use excessive force against prisoners. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson, 501 U.S. at 297).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In some circumstances, a prison official may create a serious risk of irreparable harm, and thus violate the Eighth Amendment, by giving other inmates reason to believe that a particular inmate is a homosexual. Radillo v. Lunes, 2008 WL 4209824, *2 (E.D. Cal. Sept. 8, 2008); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody). However, "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." Williams v. Wood, 223 Fed.Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007).

Plaintiff does not point to any harm that has resulted from his placement in the SMU. He has not identified any malicious and sadistic use of force against him Plaintiff has only alleged "speculative and generalized fears of harm" which are insufficient to support a claim of excessive force under the Eighth Amendment. See id. Plaintiff has failed to state a cognizable claim for excessive force under the Eighth Amendment against any of the named Defendants. Plaintiff will be given leave to amend this claim but only if he can allege particularized harm already suffered by him as compared to a broad generalized

fear that he might be exposed to such harm in the future.

### D.    Due Process Clause

Plaintiff fails to explain how Defendants' conduct violated the Fifth or Fourteenth Amendment.

Because Plaintiff is a federal prisoner, his claim for denial of his right to due process arises under the Fifth rather than the Fourteenth Amendment; however, the standard remains the same.  United States v. Nagel, 559 F.3d 756, 759–60 (7th Cir. 2009).  The guarantees of procedural due process under the Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995).  The Constitution itself does not confer on a prisoner a liberty interest in avoiding "more adverse conditions of confinement."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (finding no due process claim based on plaintiff's placement in Disciplinary Segregation Unit pending disciplinary hearing because plaintiff had no liberty interest in freedom from state action taken within sentence imposed, and finding that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (finding no protected liberty interest in being free from confinement in the Segregated Housing Unit ("SHU") because placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life).

1.    Placement in the SMU

Constitutionally protected liberty interests "will be generally limited to freedom from

7

restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483–84 (1995). Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Here, Plaintiff has not described what atypical hardship he is concerned about and certainly not alleged anything giving rise to the protection afforded by the Due Process Clause. He does not explain what the SMU is or how placement there could constitute an atypical hardship. Plaintiff has failed to state a due process claim under this theory. He will be given leave to amend this claim if he can amend to comply with the legal criteria set forth in this Order.

      2.    Falsification of Background Reports

Plaintiff also alleges that his due process rights have been violated because Defendants relied upon a false background history as the basis for referring him to the SMU.

An inmate can state a cognizable claim arising from false disciplinary reports if the

8

inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings, as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70 (1874); see Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence that resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections were provided); see also Salisbury v. Miller, 2009 WL 743925, *2 (N.D.Cal. Mar.18, 2009); Brown v. Leyva, 2009 WL 129879, *3 (E.D.Cal. Jan.20, 2009); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D.Cal. Jan.8, 2009); Fulton v. Lamarque, 2008 WL 901860, *6 (N.D.Cal. Mar.31, 2008); Bailey v. Cox, 2008 WL 621903, *10 (C.D.Cal. Feb.29, 2008); Buckley v. Gomez, 36 F.Supp.2d 1216, 1222 (S.D.Cal. 1997).

Plaintiff does not provide any information as to whether or not he was given notice of an opportunity to be heard at a hearing on the SMU classification or otherwise where the allegedly false background information was relied upon.  Prisoners are entitled to be free from arbitrary actions of prison officials.  Wolff, 418 U.S. at 558.  The use of false background information for SMU placement purposes could constitute arbitrary behavior. The protections against this arbitrary action, however, are the procedural due process requirements set forth in Wolff.  Here, Plaintiff does not allege that he was given or denied any of the procedural due process protections to which he was entitled under Wolff. Plaintiff has failed to state a cognizable due process claim.  He will be given leave to amend this claim.

If Plaintiff wishes to file an amended complaint and to make such a claim, he must keep in mind the due process rights to which he is entitled.  Specifically, before a prisoner

1    can be sanctioned, prison officials must provide advance written notice of the violation, a

2    written statement of fact-finding, the right to present witnesses, and the right to present

3    evidence where it would not be unduly hazardous to institutional safety.  In addition, there

4    needs to be an impartial decision-making body to protect the integrity of the procedure.

5    <u>Redding v. Fairman</u>, 717 F.2d 1105 (7th Cir.1983), <u>cert. denied</u>, 465 U.S. 1025 (1984).

6    All of these procedural due process requirements protect prisoners from "arbitrary actions

7    extinguishing their privileges."  <u>Id.</u> at 1116.  The disciplinary procedures allow a prisoner

8    a chance to defend against improper or erroneous charges.

9

10   **IV.   CONCLUSION**

11           Plaintiff's Complaint fails to state a claim upon which relief may be granted under

12   Bivens.  The Court will provide Plaintiff with the opportunity to file an amended complaint

13   curing the deficiencies identified by the Court in this order, to the extent they are curable.

14   Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-

15   49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated

16   claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

17   "buckshot" complaints).

18

19           Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

20   what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

21   Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

22   [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at

23   555 (citations omitted).          Finally, an amended complaint supercedes the prior complaint,

24   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d

25

26

27

565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a Bivens complaint form;

2.   Plaintiff's complaint, filed June 15, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 26, 2012              /s/ *Michael J. Seng*

ci4d6                                    UNITED STATES MAGISTRATE JUDGE

11