UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLO K. BROWN, | CASE NO.   1:11-cv-991-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (ECF Nos. 7 & 8.) |
| SWARTS, et al. | |
| Defendants. | |

Plaintiff Marlo K. Brown ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff has consented to the Magistrate Judge handling all matters in this action.  (ECF No. 3.)

Plaintiff has filed two motions for injunctive relief.  On July 11, 2011, he filed a motion asking the Court to send his mail secured because he is concerned about prison staff interfering with his mail.  (ECF No. 8.)  On August 10, 2011, Plaintiff filed a motion asking for injunctive relief, but did not clearly state what relief he was seeking.  (ECF No. 7.)  Plaintiff simly informed the Court in letter form as follows: his change of address, a prohibited act that was expunged from his record, that he is in Maryland for his criminal case, that his mail has been confiscated, that he does not have his paper work, and a request that the Court forward any mail it sends to Plaintiff.  (Id.)

"A preliminary injunction is an extraordinary remedy never awarded as of right."

Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, Plaintiff has not stated any claim for relief which is cognizable under federal law.[1]  As a result, the Court has no pending case in which to assert jurisdiction and award preliminary injunctive relief.  Even if Plaintiff cures the deficiencies and asserts a viable federal claim, he would be entitled to only narrowly drawn

---

[1] The Magistrate Judge dismissed Plaintiff's Complaint, with leave to amend, for failure to state a claim on February 27, 2012.  (ECF No. 9.)

1  injunctive relief designed to correct a violation of rights at issue in the action. The
2  constitutional and statutory requirements applicable to equitable relief preclude entitlement
3  to generalized relief unsupported by a fundamental constitutional grounds. Thus, although
4  the court does not here address the substance of Plaintiff's motions, he is advised that It
5  appears unlikely that an order prohibiting unnamed individuals from interfering with mail
6  or preventing transfer to another institution would satisfy the above requirements. The
7  equitable relief Plaintiff seems to be seeking does not appear to be sufficiently related to
8  Plaintiff's underlying legal claim to satisfy applicable federal court requirements.

9       Plaintiff's motions for preliminary injunctive relief are HEREBY DENIED because the
10 Court lacks jurisdiction to issue the orders sought.[2] (ECF Nos. 7 & 8.)

14 IT IS SO ORDERED.
15 Dated: February 29, 2012     /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court lacks jurisdiction, the Court does not reach the merits of the motions.